HEATHER E. WILLIAMS, Bar #122664
Federal Defender
DAVID M. PORTER, Bar #127024
Assistant Federal Defender
Counsel Designated for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorneys for Defendant
VIN WHEALEN GAINES

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>VIN WHEALEN GAINES, JR.<br><br>Defendant. | No. 2:20-cr-00208-JAM-2<br><br>**STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE<br><br>Judge: The Honorable JOHN A. MENDEZ |

Defendant, VIN WHEALEN GAINES, by and through his attorney, Assistant Federal Defender David M. Porter, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1. Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

2. The United States Sentencing Commission recently amended the Sentencing Guidelines to limit the overall criminal history impact of "status points" by assigning zero status points for offenders with six or fewer criminal history points, and one status point for offenders

with seven or more criminal history points ("status-point provision").  *See* Amendment 821, Part A; *compare* USSG § 4A1.1(d) (2022), *with* USSG § 4A1.1(e) (Nov. 1, 2023).  The United States Sentencing Commission made the status-point provision retroactive beginning February 1, 2024.  *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534;

3. Mr. Gaines received 5 criminal history points based on his past criminal convictions and 2 criminal history points pursuant to the former USSG § 4A1.1(d), for a total criminal history score of 7, which placed him in criminal history category IV.  His total offense level was 27, resulting in a guideline range of 77 to 96 months;

4. On May 31, 2022, this Court sentenced Mr. Gaines to a term of 60 months on Count 1, which was the statutory maximum, and 77 months on Count 6, to be served concurrently, for a total term of imprisonment of 77 months;

5. The sentencing range applicable to Mr. Gaines was subsequently lowered by the status-point provision;

6. Mr. Gaines is eligible for a reduction in sentence, which reduces his criminal history score to 5, lowering his criminal history category from IV to III, resulting in an amended advisory guideline range of 63 to 78 months;

7. Accordingly, the parties request the Court enter the order lodged herewith reducing Mr. Gaines's term of imprisonment 63 months on Count 6, to be served concurrently with the 60-month term of imprisonment imposed on Count 1, for a total term of imprisonment of 63 months, effective February 1, 2024.

Respectfully submitted,

Dated:  January ___, 2024                    Dated:  January ___, 2024

PHILLIP A. TALBERT                           HEATHER E. WILLIAMS
United States Attorney                       Federal Defender


 /s/  *Shelley D. Weger*                      /s/ *David M. Porter*
SHELLEY D. WEGER                             DAVID M. PORTER
Assistant U.S. Attorney                      Assistant Federal Defender

Attorney for Plaintiff                       Attorney for Defendant
UNITED STATES OF AMERICA                     VIN WHEALEN GAINES

# ORDER

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Gaines is entitled to the benefit of Amendment 821, Part A, the new status-point provision, which reduces his criminal history score to 5, and his criminal history category from IV to III, resulting in an amended guideline range of 63 to 78 months.

IT IS HEREBY ORDERED that the term of imprisonment imposed in May of 2022 is **REDUCED** to a term of **60 months on Count 1 and 63 months on Count 6, to be served CONCURRENTLY with the 60-month term of imprisonment imposed on Count 1, for a total term of imprisonment of 63 months, effective February 1, 2024**.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect. The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence, and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, Mr. Gaines shall report to the United States Probation Office within seventy-two hours after his release.

Dated: January 23, 2024

/s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE